UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| Kim Blandino, | Case No. 2:24-cv-01727-CDS-BNW |
|---|---|
| Plaintiff | **Order to Show Cause and Denying Plaintiff's Motion to Stay** |
| v. | |
| Las Vegas Metropolitan Police Department, et al., | [ECF No. 4] |
| Defendants | |

On September 17, 2024, pro se plaintiff Kim Blandino filed a "super urgent" motion to stay this action. Mot., ECF No. 4. Given the title, and Blandino's pro se status, the court liberally construed this filing as an emergency motion.[1] Accordingly, and in accordance with the local rules, the court reviewed the motion, together with the related "urgent motion" filed at ECF No. 6, and determined that it does not constitute an emergency. Blandino is reminded that he must comply with all the local rules, to include Local Rule 7-4, which addresses emergency motions. The rule states that:

> (a) Written requests for judicial assistance in resolving an emergency dispute must be titled "Emergency Motion" and be accompanied by a declaration setting forth:
>
> (1) The nature of the emergency;
>
> (2) The office addresses and telephone numbers of movant and all affected parties; and
>
> (3) A statement of movant certifying that, after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action. The statement also must state when and how the other affected people or entities were notified of the motion or, if not notified, why it was not practicable to do so. If the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded.

---

[1] Blandino is cautioned that he cannot circumvent the Local Rules by titling a document "Super Urgent" instead of as an emergency motion.

> (b) Emergency motions should be rare. A party or attorney's failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency. This rule's provisions are not intended for requests for procedural relief, e.g., a motion to extend time to file a brief or for enlargement of page limits.
> (c) The court may determine whether any matter submitted as an "emergency" is, in fact, an emergency. Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion.
> (d) Concurrent with the emergency motion, or promptly after it is filed, the moving party must advise the courtroom administrators for the assigned district judge and magistrate judge that the motion was filed.

Local Rule 7-4.

Blandino failed to comply with Rule 7-4, as he failed to attach the required declaration and failed to contact this court's courtroom administrator to advise that an emergency motion was filed. Blandino is cautioned that failure to comply with this, or any other rule of the court, may result in sanctions. Although Blandino failed to comply with Rule 7-4, the court reviewed the motion on its merits. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the party seeking a stay carries the burden of showing that the circumstances justify an exercise of that discretion. *See Nken v. Holder*, 556 U.S. 418, 433–34 (2009) ("A stay is not a matter of right[.]"). In determining whether to grant a stay, a court weighs competing interests, such as: (1) "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Generally, however, "stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007) (citing *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000)). Thus, if a stay is especially long or its term is indefinite, a greater showing is required to justify it, so the court should "balance the length of any stay against the strength of the justification given for it."

*Yong*, 208 F.3d at 1119. Blandino has not met his burden to demonstrate that the balance of interests weighs in his favor or that a stay of this action is warranted. Blandino decided to bring this action instead of waiting for his motion to amend the complaint in the 2022 action to be resolved.[2] The underlying allegations in this case are related to, if not exactly the same, as those that gave rise to case number 2:22-cv-00562-GMN-BNW. *Compare* 2:22-cv-00562-GMN-BNW, Am. Compl., ECF No. 38, *with* 2:24-cv-01727-CDS-BNW, Compl., ECF No. 1-1. Thus, any alleged violation of his rights set forth in this case can be properly vindicated in his 2022 action. This is neither an appropriate basis for a stay nor a reason to bring a new action as it "is well-settled that a party cannot maintain multiple suits against the same party involving the same controversy at the same time." *Move, Inc. v. Real Est. All. Ltd.*, 2008 WL 11338564, at *1 (C.D. Cal. Apr. 10, 2008) (collecting cases).

## Conclusion

IT IS THEREFORE ORDERED that Blandino's motion to stay **[ECF No. 4] is denied**.

IT IS FURTHER ORDERED that Blandino must show cause as to why this action should not be dismissed as duplicative to case number 2:22-cv-00562-GMN-BNW. **Blandino must show cause, in writing, no later than October 21, 2024.**

Dated: October 7, 2024

_____
Cristina D. Silva
United States District Judge

---

[2] Indeed, in his related filing, Blandino states that he filed this action in case his motion to amend his complaint in the 2022 action is denied. *See* Urgent Mot., ECF No. 6.