UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Kim Blandino,

            Plaintiff

v.

Las Vegas Metropolitan Police Department, et al.,

            Defendants

Case No. 2:24-cv-01727-CDS-NJK

**Order Discharging Order to Show Cause, Denying as Moot Plaintiff's Motion for Clarification, and Dismissing Case**

[ECF Nos. 8, 9]

      On October 7, 2024, I issued an order to show cause (OSC) requiring plaintiff Kim Blandino to demonstrate why this action should not be dismissed as duplicative to *Blandino v. Las Vegas Metro Police Department*, 2:22-cv-00562-GMN-MDC. OSC, ECF No. 8. Blandino filed a response to the show-cause order. Resp., ECF No. 10. Therein, he concedes this action is duplicative to the 2022 case before United States District Judge Gloria M. Navarro. He claims that he was left with "no alternative" but to bring this duplicative action to "protect his rights." *Id.* at 2. However, a plaintiff cannot continue to file new lawsuits against the same defendant based on the same facts until he is successful. That is because "[t]he ultimate objective of [the] rule against claim-splitting is to 'protect [a] Defendant from being harassed by repetitive actions based on the same claim' and to promote judicial economy and convenience." *Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1123 (C.D. Cal. 2016) (quoting *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995)).

      Because both the 2:22-cv-00562-GMN-MDC case and this case involve the same parties, some of the same claims arise out of the same incident, and both involve almost the same request for relief, I find the anti-claim-splitting doctrine is violated here. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007) (explaining that a suit is duplicative if it involves the same parties or those that represent same interests, asserts the same rights and the essence of

relief is the same). So I must determine the appropriate remedy: consolidation with the 2022 action or dismissal. Under Federal Rule of Civil Procedure 42(a), a court may consolidate any actions that "involve a common question of law or fact." A "district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Rsch. Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989). I decline to consolidate this action with the 2022 action because doing so would be futile: that action is now closed. *See* ECF Nos. 127 (order granting summary judgment), 128 (judgment) in 2:22-cv-00562-GMN-MDC.[1] Consequently, I find dismissal to be the appropriate remedy. *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1025 (9th Cir. 2011) (referring to actions dismissed for claim splitting as ones where the "plaintiff was, in effect, attempting to avoid an unfavorable prior ruling in one case by filing essentially the same claims in a new case"). This action is hereby dismissed, without prejudice, as duplicative.

Further, in response to the show-cause order, Blandino filed a "motion for clarification." Mot., ECF No. 9. Therein, Blandino requests clarification as to whether, if this case is dismissed, it would be dismissed with prejudice or without prejudice. Blandino's motion is denied as moot as this action is now denied without prejudice.

## Conclusion

IT IS HEREBY ORDERED that the order to show cause **[ECF No. 8] is discharged** and Blandino's motion for clarification **[ECF No. 9] is denied as moot**.

This case is dismissed without prejudice. The Clerk of Court is kindly directed to close this case.

Dated: June 4, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] Judge Navarro did not allow Blandino leave to file a second amended complaint because he filed his motion for leave months after the deadline and did not demonstrate good cause or excusable neglect for doing so. *See* ECF No. 127 at 10 in 2:22-cv-00562-GMN-MDC. Because Judge Navarro granted summary judgment for defendants and denied leave to amend, Blandino may not continue to bring claims relating to this set of facts.